Opinion by COLE, J. In accordance with stipulation of counsel that the merchandise consists of Welsh Mountain wool the same in all material respects as the commodity passed upon in *Dolliff & McGrath* v. *United States* (25 Cust. Ct. 137, C. D. 1276), the claim of the plaintiffs was sustained.

**No. 55837.**—Empire Wool Co. v. United States, protest 170820–K (Bridgeport).

Opinion by COLE, J. In accordance with stipulation of counsel that the merchandise consists of wool flocks the same in all material respects as the commodity passed upon in *Walker Services* v. *United States* (24 Cust. Ct. 190, C. D. 1230), the claim of the plaintiff was sustained.

**No. 55838.**—Chong Long Kee et al. v. United States, protests 143297–K, etc. (Boston).

Opinion by COLE, J. The protests were dismissed.

BEFORE THE SECOND DIVISION, AUGUST 30, 1951

**No. 55839.**—Joe Lipschutz & Co. v. United States, protest 131345–K (New York).

Opinion by LAWRENCE, J. It was stipulated that the items of merchandise in question consist of watch movements similar in all material respects to those which were the subject of *United States* v. *Helbros Watch Co. et al.* (38 C. C. P. A. 1, C. A. D. 430). Upon the agreed statement of facts and the cited authority, the merchandise was held properly dutiable at the base rate of 90 cents each as watch movements more than 1 inch but less than 1.77 inches wide under paragraph 367 (a) (1), as modified, *supra.*

**No. 55840.**—Jack Kreuter Co. v. United States, protest 162264–K (New York).

Opinion by LAWRENCE, J. It was stipulated that the items of merchandise in question consist of watch movements similar in all material respects to those which were the subject of *United States* v. *Helbros Watch Co. et al.* (38 C. C. P. A. 1, C. A. D. 430). Upon the agreed statement of facts and the cited authority, the merchandise was held properly dutiable at the base rate of 90 cents each as watch movements more than 1 inch but less than 1.77 inches wide under paragraph 367 (a) (1), as modified, *supra*.

BEFORE THE THIRD DIVISION, AUGUST 30, 1951

**No. 55841.**—Keer, Maurer Company, Inc., et al. *v.* United States, protests 167471–K, etc. (Philadelphia).

Opinion by EKWALL, J. It was stipulated that the appraisements of the merchandise and the liquidations of the entries were made in the same manner, under facts and circumstances the same in all material respects, as the appraisement and liquidation in *The Gruen Watch Company* v. *United States* (24 Cust. Ct. 101, C. D. 1216). In accordance with stipulation and following the cited authority the claim of the plaintiffs was sustained. It was further held that legal liquidations should be had which would form the basis for protests in which, should they so desire, the importers may litigate any questions presented by such action under section 514, Tariff Act of 1930.

**No. 55842.**—W. A. Cleary Corp. *v.* United States, protests 159676–K, etc. (New York).

Opinion by JOHNSON, J. In accordance with stipulation of counsel that the merchandise consists of lecithin similar in all material respects to that the subject of *United States* v. *C. J. Tower & Sons* (38 C. C. P. A. 131, C. A. D. 450), the claim of the plaintiff was sustained.

AUGUST 27, 1951

**No. 55843.**—Geo. S. Bush & Co., Inc., et al. *v.* United States, protests 120086–K, etc.—
Plaintiff's application for rehearing denied.

AUGUST 29, 1951

**No. 55844.**—SUIT 4655.—Balfour Guthrie & Co., Ltd., et al. *v.* United States.——C. D. 1232 affirmed May 8, 1951. C. A. D. 457.